**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

May 14, 2021

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

Honorable Judge Liman:

We write to request that the Court order the government to provide a Bill of Particulars with respect to the superseding indictment in the above-referenced case.  In light of the breath of the conduct potentially covered by the indictment – both in terms of time and actors – the voluminous discovery produced, the lack of clear division between the people the government believes are victims and those the government believes are co-conspirators, and the unique challenges posed by the COVID-19 pandemic, the requested particulars are necessary to the preparation of Mr. Ray's defense, to prevent unfair surprise, and to protect against future Double Jeopardy violations.

**Background**

Lawrence Ray is charged in a sixteen-count superseding indictment (the "Indictment") that covers conduct alleged to have taken place over a span of a decade.  The amount of discovery and the hurdles to Mr. Ray's review of that discovery and participation in his defense, some occasioned by the COVID-related conditions at the MCC and some by the sheer volume of discovery, are well known to the Court.  See, e.g., Dkt. 36, 42, 111, 136.  Mr. Ray went months without access to his discovery and a year without the ability to meet with counsel.

The Indictment does not sufficiently advise Mr. Ray of the specific acts of which he is accused.  It covers a broad range of potential conduct, involving an untold number of co-conspirators, associates, leaders, and nominees. It defines "victims" as "a group of college students and others," later refers to "several female victims" without articulating a number or

Hon. Lewis J. Liman                                           May 14, 2021
United States District Judge                                  Page 2

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

specifying who they are or whether the latter is a subset of the former, and refers to "nominees" without any indication of who they might be or whether they also fit in some other category. There is only one victim specifically identified in the Indictment, Female Victim-1, and it is not clear from the Indictment whether she is one of the "several female victims." Additionally, "a group of college students and others" is an exceedingly vague description of the "victims," particularly as Mr. Ray's co-defendant Isabella Pollock, as well as other people the government believes are "potential" co-conspirators, including his daughter, would seemingly also fall into the category of the "group of college students." Without more particulars, the defense cannot know what people the government believes fall into the categories of co-conspirators, associates, leaders, and nominees, and whether some people fall into numerous of these categories. This is made more challenging due to the sheer number of people potentially involved in the allegations. As the defense has noted, we have already identified about 175 potential witnesses.

Additionally, the indictment references "supposed wrongdoing" and "false confessions" without description, explanation, or criteria for differentiating actual wrongdoing and true confessions. It lists extortion of different types and degrees without specifying whether it involved threats of physical harm or damage to property; lists obstruction of justice without specifying who, when, or how justice was obstructed and in relation to what proceeding; and lists tampering with a witness, victim, or an informant without specifying which one and in relation to what official proceeding. The tax evasion counts, counts 12-16, span five years and refer to "nominees" who deposited unreported income into untold bank accounts without specifying who these "nominees" are or whether they also are co-conspirators or victims, when the deposits were made, and into which bank accounts they were made.

Any of these deficiencies would prevent defense counsel from preparing an effective defense. Each leaves open the door for surprises. And they all leave Mr. Ray exposed to double jeopardy should the government decide at a later date to try him for additional conduct. Far from seeking general discovery or a preview of the government's case, the requested particulars are necessary to the preparation of Mr. Ray's defense.

### **Legal Background**

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars where necessary to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. D'Amico, 734 F. Supp. 2d 321,335 (S.D.N.Y. 2010) (quoting United States v. Davidoff, 845 F.2d 1151, 1154 (2d Cir. 1988)). The purpose of a bill of particulars is "to supplement the facts contained in the indictment when necessary to enable defendants to identify with sufficient particularity the nature of the charges against them." United States v. Gotti, No. S4 02 CR 743, 2004 WL 32858, at *8 (S.D.N.Y. Jan. 6, 2004). "[W]here the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused," a bill of

Hon. Lewis J. Liman                                                                        May 14, 2021
United States District Judge                                                       Page 3

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

particulars is appropriate. United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004). Whether to grant a request for a bill of particulars "rests within the sound discretion of the district court." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). In deciding whether to exercise its discretion to order the government to provide a bill of particulars, "the court must examine the totality of the information [already] available to the defendant—through the indictment, affirmations, and general pre-trial discovery." United States v. Bin Laden, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000).

The decision whether to require a bill of particulars will necessarily be based on the unique facts of the case. The Court has the discretion, for example, to require a bill of particulars naming unindicted co-conspirators and, based on the unique facts of different cases, the Second Circuit has upheld decisions both granting and denying requests for particulars regarding co-conspirators. United States v. Chalmers, 410 F. Supp. 2d 278, 286 (S.D.N.Y. 2006) (comparing cases). A bill of particulars is appropriate where – like here – an indictment alleges a wide-ranging conspiracy and an unspecified number of co-conspirators and the government has produced voluminous pretrial discovery. See, e.g., United States v. Falkowitz, 214 F.Supp.2d 365, 390–92 (S.D.N.Y. 2002).

In deciding whether to require particulars identifying co-conspirators, courts consider factors including:

(i) the number of co-conspirators;

(ii) the duration and breadth of the alleged conspiracy;

(iii) whether the Government otherwise has provided adequate notice of the particulars;

(iv) the volume of pretrial discovery;

(v) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and

(vi) the potential harm to the Government investigation.

United States v. Nachamie, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (granting bill of particulars identifying known unindicted co-conspirators due to "large number of co-conspirators" and the "significant period of time" covered by the allegations). See also United States v. Valle, 12 Cr. 847 (PGG), Dkt. 40 at 8, 10, Jan. 9, 2013 (requiring government to identify alleged known co-conspirators and alleged targeted victims where the defense would have had to "prepare for the possibility that the Government will argue at trial that any one of more than 20 individuals is a co-conspirator, and any one of more than 80 women was an intended [victim]").

The production of a large amount of discovery material "does not necessarily obviate the need for a bill of particulars. The government may not 'rely solely on the quantity of information

Hon. Lewis J. Liman                                                      May 14, 2021
United States District Judge                                            Page 4

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**


disclosed.'" United States v. Rajaratnam, No. 09 CR. 1184 (RJH), 2010 WL 2788168 at *2 (S.D.N.Y. July 13, 2010) (quoting United States v. Bin Laden, 92 F.Supp.2d 225, 234 (S.D.N.Y.2000)).  "[S]ometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars." Bin Laden, 92 F.Supp.2d at 234 (citing United States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir.1987)).  The "complexity of [the] case" and the "fact-intensive nature of its allegations" can necessitate additional particulars.  Rajaratnam, 2010 WL 2788168 at *3 (ordering the government to provide additional detail in insider trading case including (1) all reporting periods that were the subject of inside information, (2) the substance of the information provided for any period, and (3) the date(s) on which it was conveyed for various categories of information listed in the counts).  In contrast, the Rajaratnam Court declined to require the government to provide additional particulars where it had none and where the allegations were based solely on wiretap intercepts, which the defense possessed and for which the government had provided electronically searchable summary line sheets and descriptions of the relevant conversations.

       The Second Circuit's decision in United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987), is particularly instructive.  The Bortnovsky Court overturned the conviction and remanded for a retrial due to the District Court's denial of a bill of particulars regarding the dates of burglaries that were allegedly fake or staged and the identification of which documents the government contended were fraudulent.  This forced the defense "to explain the events surrounding eight actual burglaries and to confront numerous documents unrelated to the charges." Id. at 574-75.  Although the government had provided "mountains of documents to defense counsel" it did not fulfill its obligations where it did not inform defense counsel which documents it contended were falsified or which burglaries it contended were staged.  Id. at 575. Similarly, in Nachamie, the Court ordered the government to provide particulars where it had "produced over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims" but "[had] not yet informed the defendants which of these claims were false and in what way they were false." Nachamie, 91 F. Supp. 2d at 571.  "Because the Government has declined to identify which of the documents provided to the defense pursuant to Rule 16(a)(1)(C) it intends to use in its case-in-chief at trial, it must, instead, response to an appropriate bill of particulars." Id. at 572.

       The context of a particular case matters.  Indeed, a request that simply amounts to a search for evidentiary detail in one case may rise to the level of necessity requiring additional particulars in another.  In Bin Laden, it was more than merely the large volume of disclosure material that necessitated additional particulars.  The restrictive conditions of pretrial confinement to which the defendants were "also a concern" and factored into the Court's decision to order the government to provide additional particulars. 92 F. Supp. 2d at 235.  That the charged offenses "involve[d] a wide range of conduct, occurring over a long period of time"

Hon. Lewis J. Liman                                                      May 14, 2021
United States District Judge                                            Page 5

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

also prevented defense counsel from reasonably focusing their trial preparations and created a risk of prejudicial surprise at trial.  Id.

The unique facts of this case compel a bill of particulars.  The requested particulars are necessary prepare for trial, to avoid unfair surprise, and prevent Mr. Ray being placed twice in jeopardy for the same conduct.  Without the requested particulars, the defense cannot identify with sufficient particularity the nature of the charges against Mr. Ray or the specific acts of which he is accused.

The indictment alleges a wide-ranging conspiracy and an unspecified number of co-conspirators and victims based on conduct allegedly occurring over a decade and reflected in the more than 20 terabytes of discovery the government has produced.  Take, for example, the category of material the Indictment refers to as "false confessions."  Unlike the prosecution in Rajaratnam, the government here has not identified these so-called "false confessions" or provided transcripts or electronically searchable notes that would allow the defense to locate or review so-called "false confessions."  The defense would be left to explain the contents of mountains of video and audio recordings, not knowing which ones the government deems "false."  Like the "fake burglaries" in Bortnovsky, knowing which confessions the government deems "false" is necessary to the defense.  See Bortnovsky, 820 F.2d at 574-75.  Similarly, with respect to the money laundering and tax evasion counts, the government has produced bank records of various accounts in the names of various individuals covering many years and without the requested particulars the defense will be left explaining every transaction.  The lack of any specificity regarding alleged victims (defined only as "a group of college students and others" and "several female[s]") combined with the wide range of conduct and time period covered by the Indictment prevents the defense from focusing its investigation and trial preparations and creates the risk of prejudicial surprise at trial.  Without the particulars, the defense essentially is tasked with preparing to explain Mr. Ray's relationship with everyone he has encountered over the past decade.

Beyond just the sheer number of potentially involved individuals, the request particulars are necessary given the government's changing view on whether to classify some individuals as victims, co-conspirators, or something else.  Already there are concrete examples of the potential for confusion and surprise. For example, in March 2020 the government declined to characterize Scott Muller as a victim, saying instead that he "was not involved in the sex trafficking." Hrg. Tr. 45:5-6 (March 3, 2020). Months later, in response to the defense search warrant motion, the government criticized the defense for saying Mr. Muller was uninvolved, and called him "another potential victim." Dkt. 118. Similarly, while the government has defined the victims as a "group of college students," the government has also characterized some of these college students as co-conspirators, most notably Mr. Ray's co-defendant Isabella Pollock, but also Mr. Ray's daughter. Dkt. 118. And the Indictment's use of the word "nominee" is further confusing

Hon. Lewis J. Liman                                                                                     May 14, 2021
United States District Judge                                                                      Page 6

**RE:**     **United States v. Lawrence Ray**
                **20 Cr. 110 (LJL)**

in context and conveys no information at all about who these people could be.  Importantly, there is no potential for danger to any individuals from this request. The problem is not that the defense does not know the names of the individuals involved – the defense does know the names – what the defense does not know is what category (victim, co-conspirator, associate, or nominee) the government believes each person falls into. The lack of clear definition between these categories, and the apparent fluidity as to whom the government believes falls into each category, presents a high risk of confusion and surprise.

Given the expansive time period in the Indictment and the volume of discovery, even counts that track statutory language and might not require particulars in other cases require them here.  For example, Counts 9 and 10 track the statutory language of 18 U.S.C. 1952, but allege that Mr. Ray "used a cellular telephone and the Internet" over periods of five and eight years, respectively, to commit the alleged offenses.  It would be simply impossible for the defense to prepare to explain every use of a cellular telephone and the Internet over an eight-year span in defense of Counts 9 and 10.  Some particulars regarding these allegations are necessary to the preparation of an effective defense.

These difficulties all are compounded by the unprecedented hurdles the COVID-19 pandemic has caused when it comes to Mr. Ray's access to his discovery and his counsel.  Based on the totality of circumstances in this case, the Court should, therefore, compel the government to provide the particulars requested below.  Each is necessary to the effective preparation of Mr. Ray's defense, to prevent surprise, and to protect against future double jeopardy violations.

### The Following Particulars are Necessary to the Defense

The defense submits that the following particulars related to the identification of alleged co-conspirators, alleged victims, bank accounts, and alleged criminal acts are necessary in order to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense[s]."

1. **Particulars with Respect to Count 1:**
- Identify co-conspirators, members, associates, and leaders
- Identify the "victims" (described as "college students and others")
- Identify the "Enterprise's ideology"
- Identify "false confessions"
- Identify acts of intimidation and violence and threats of retaliation and against whom they were made
- Identify crimes committed by members and associates and the individuals who allegedly witnessed them
- Identify which "Victims" were "force[d] . . . to perform unpaid manual labor"
- Identify the "various bank accounts"

Hon. Lewis J. Liman                                             May 14, 2021
United States District Judge                                    Page 7

**RE:**     <u>**United States v. Lawrence Ray**</u>
         <u>**20 Cr. 110 (LJL)**</u>

- Identify the targets/"victims" of extortion, grand larceny by extortion, sex trafficking, and forced labor
- Identify witness/victim/information related to witness tampering in violation of 18 U.S.C. 1512 and obstruction of justice in violation of 18 U.S.C. 1503
- Regarding the special sentencing factor: identify the conspirator who engaged in this conduct

2. **<u>Particulars with Respect to Count 2:</u>**
- Identify co-conspirators
- Identify "the Victims"
- Identify "supposed wrongdoing"

3. **<u>Particulars with Respect to Count 3:</u>**
- Identify the money involved and the "supposed wrongdoing"

4. **<u>Particulars with Respect to Count 4 and 5:</u>**
- Specify the conduct the government alleges constitutes sex trafficking and the dates of such conduct

5. **<u>Particulars with Respect to Counts 6, 7, and 8:</u>**
- Identify the "several female victims"

6. **<u>Particulars with Respect to Counts 9 and 10:</u>**
- Identify the acts of prostitution and extortion, respectively, and the dates of the travel and use of cellphone(s) and the Internet

7. **<u>Particulars with Respect to Count 11:</u>**
- Identify "certain financial transactions" that involved proceeds of extortion or sex trafficking, including date and financial institution

8. **<u>Particulars with Respect to Counts 12, 13, 14, 15, and 16:</u>**
- Identify "nominees"
- Identify bank accounts
- Identify deposits that the government contends were "Ray's unreported income"

Hon. Lewis J. Liman                                          May 14, 2021
United States District Judge                                 Page 8

RE:     **United States v. Lawrence Ray**
        **20 Cr. 110 (LJL)**


### The Court has the Discretion to Order the Requested Bill of Particulars

The Court has the discretion to order the requested particulars because they are necessary to the preparation of Mr. Ray's defense, to prevent surprise, and to protect against future Double Jeopardy violations. In light of the duration and breadth of the conduct covered by the indictment, the lack of clarity and fluidity between who the government believes is a "victim" and who the government believes is an "associate" or "co-conspirator," the sheer volume of discovery produced in this case, and the unique difficulties posed by the COVID-19 pandemic, the Court should exercise its discretion and order the government to disclose the requested particulars.

Thank you for your time and attention to this matter.


                                        Respectfully submitted,

                                            */s/*
                                        Peggy Cross-Goldenberg
                                        Allegra Glashausser
                                        Assistant Federal Defenders
                                        (212) 417-8732


cc:     All Counsel (via ECF)