# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

July 2, 2021

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:    **United States v. Lawrence Ray**, 20 Cr. 110 (LJL)

Honorable Judge Liman:

We write in further support of Lawrence Ray's request that the Court order the government to provide a Bill of Particulars with respect to the superseding indictment filed against him. Although the parties have made progress regarding additional disclosures, outstanding issues remain for the Court to resolve. Because the particulars that the defense requests are necessary to the preparation of Mr. Ray's defense, to prevent unfair surprise, and to protect against future Double Jeopardy violations, the defense requests that the Court order the government to disclose the remaining requested particulars.

### Outstanding Requests for Particulars

The parties have conferred by phone, letter, and email regarding information necessary to the preparation of Mr. Ray's defense.[1] Although the government has provided some information in response to defense requests, it has not provided all of the requested particulars. Nor has it committed to being limited to the information provided. For example, it has expressed a view on whether certain individuals are co-conspirators, victims, or witnesses. But it has not identified the universe of known alleged co-conspirators and alleged victims, the later defined in the indictment as "a group of college students and others" and "several female[s]," or answered

---

[1]    The defense filed its request for a Bill of Particulars by letter on May 14, 2021, the date set by the Court for the filing of the motion. The defense did not include an affidavit pursuant to Local Rule 16.1. An affidavit in support of the request is attached as Exhibit A to this letter. It indicates the information the government has provided as well as issues that remain unresolved.

Hon. Lewis J. Liman                                                                July 2, 2021
United States District Judge                                                        Page 2

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

additional requests for information contained in Mr. Ray's May 14 letter motion.[2]  The
government has informed the defense that it "want[s] to be clear that there may be additional
victims referenced in the discovery that will be part of our proof at trial."  Additionally, it has
declined to provide an "exhaustive list of conspiracy participants, and may reference other co-
conspirators at trial" that it has not yet identified for the defense.  In a sprawling case like this
one, and especially in light of the conditions of confinement that have made it incredibly difficult
for Mr. Ray to participate in his own defense, the defense needs more definitive information to
adequately prepare for trial, prevent unfair surprise, and to protect against future Double
Jeopardy violations.

### The Court Should Order the Requested Particulars

Because information contained in a bill of particulars must be necessary to the defense,
whether to order requested particulars in a given case necessarily turns on the unique facts and
circumstances of that case.  The government does not dispute that this Court has the discretion to
order a bill of particulars or that the "proper scope and function of a bill of particulars is to
provide sufficient information about the nature of the charge to enable a defendant to prepare for
trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense."  See
Gov't Mem. in Opposition, Docket # 185, at 4.  It is precisely for these reasons that the defense
has made its request.

As the government articulates in its opposition, by any measure – the number of search
warrant affidavits, the number of disclosures, the volume of materials produced, the time frame
covered by the charges, and the number of potential witnesses, to name a few – preparing for
trial in this case is a massive undertaking.  But the volume of material produced and people
involved does not obviate the need for the requested particulars.  If anything, it underscores that
the requested information is necessary in order to permit the defense to prepare for trial, avoid
unfair surprise, and protect against Double Jeopardy.

Rather than addressing the factors that have led courts to order bills of particulars, the
government relies largely on the scope and volume of information it has produced as a reason the
Court should not require it to disclose the requested particulars.  But this is circular reasoning.
For in many ways, it is precisely this scope and volume, even as "winnowed" by the government,
that makes the requested disclosures necessary.  See Def. May 14, 2021 Ltr., Docket # 177
(discussing factors and cases).  The government does not distinguish cases like United States v.
Valle, 12 Cr. 847 (PGG), Dkt. 40 at 8, 10, Jan. 9, 2013 (requiring particulars regarding known
co-conspirators and alleged victims so the defense would not have to "prepare for the possibility
that the Government will argue at trial that any one of more than 20 individuals is a co-

---

[2]      The government did provide a complete answer identifying the "nominees" with respect to Counts 12, 13,
14, 15, and 16.  See Exh. A at ¶ 8.  Exhibit A specifies the issues that remain unresolved from the defense
perspective.

Hon. Lewis J. Liman                                                    July 2, 2021
United States District Judge                                          Page 3

RE:    **United States v. Lawrence Ray**
       **20 Cr. 110 (LJL)**

conspirator, and any one of more than 80 women was an intended [victim]"); United States v. Rajaratnam, No. 09 CR. 1184 (RJH), 2010 WL 2788168 (S.D.N.Y. July 13, 2010) (the "complexity of [the] case" and the "fact-intensive nature of its allegations" can necessitate additional particulars); United States v. Falkowitz, 214 F.Supp.2d 365, 390–92 (S.D.N.Y. 2002) (voluminous pretrial discovery, wide-ranging conspiracy and an unspecified number of co-conspirators can justify a bill of particulars); United States v. Bin Laden, 92 F.Supp.2d 225, 234 (S.D.N.Y.2000) ("[S]ometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."); or United States v. Nachamie, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (granting bill of particulars identifying known unindicted co-conspirators due to "large number of co-conspirators" and the "significant period of time" covered by the allegations).  Nor does it distinguish United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987). Although the government cites Bortnovsky for basic legal propositions, it fails to acknowledge that Bortnovsky's conviction was overturned because the court had not ordered the particulars he requested, specifically particulars regarding which documents the government contended were falsified and which burglaries it contended were staged.  Id. at 575.  The Bortnovsky Court's reasoning is directly relevant here, particularly with respect which confessions the government contends are false.  Finally, the government's opposition fails to account for the unprecedented conditions under which Mr. Ray has spent his pretrial detention, conditions that have impinged on his ability to participate in his defense, thereby providing additional justification for the requested a bill of particulars.  See Bin Laden, 92 F. Supp. 2d at 235.

        In consequence, for the reasons stated in Mr. Ray's May 14 letter, the Court should order the government to disclose the requested particulars to the extent it has not already done so.

        Thank you for your time and attention to this matter.


                                        Respectfully submitted,

                                          */s/*
                                        Peggy Cross-Goldenberg
                                        Assistant Federal Defender
                                        (212) 417-8732


cc:    All Counsel (via ECF)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA              :    **AFFIRMATION IN SUPPORT OF**
                                      :    **APPLICATION FOR A BILL OF**
                                      :    **PARTICULARS**
          - v -                       :
                                      :    **20 Cr. 110 (LJL)**
LAWRENCE RAY,                         :
                                      :
               Defendant.             :

-----------------------------------X

I, PEGGY CROSS-GOLDENBERG, hereby affirm under penalties of perjury pursuant to 28 U.S.C. § 1746(2), that the following is true and correct:

1.  I am an Assistant Federal Defender at the Federal Defenders of New York, Inc., and our office has been appointed to represent Lawrence Ray in the above-captioned case. I make this affirmation in support of an application, pursuant to Federal Rule of Criminal Procedure Rule 7(f), for an order for a bill of particulars and, pursuant to Local Criminal Rule 16.1, to certify to the Court that counsel for Mr. Ray has conferred in good faith with counsel for the government and that Court intervention remains necessary with respect to some requests.

2.  Counsel for Mr. Ray and counsel for the government have conferred in good faith regarding the information counsel for Mr. Ray believes is necessary to the effective preparation of Mr. Ray's defense.  We have conferred by email, letter, and telephone.

3.  In these communications, the government has provided certain information requested by the defense in its May 14, 2021 letter motion requesting a bill of particulars.  See Docket # 177.

This affirmation contains my best understanding of the information provided by the government in response to defense requests as well as the issues that remain unresolved.

4.   In requests 1 and 2 of its May 14 letter, the defense requests certain information with respect to Counts 1 and 2 of the Superseding Indictment.  In response to these requests, as well as follow-up discussion and requests, the government has (a) identified six individuals as alleged victims and one additional individual as a potential victim, (b) identified two individuals as alleged co-conspirators, (c) characterized two individuals as potential witnesses but not victims or co-conspirators, and (d) indicated that it "is not prepared to disclose how [the government] would characterize" four additional individuals about whom the defense requested information, although it stated "they are not viewed as victims."  It also has told the defense "We want to be clear that there may be additional victims referenced in the discovery materials that will be part of our proof at trial," that it is "not representing that this is the exhaustive list of conspiracy participants, and may reference other co-conspirators at trial," and that it "is not prepared to identify any other victims to the defense beyond that which is apparent from a review of the discovery."  The government noted that it "plans to produce 3500 material at least two weeks before trial and even earlier should the defense make reciprocal commitments with respect to disclosures and stipulations."  The government has not provided the defense with the remaining information requested in requests 1

and 2.  As a result, Court intervention remains necessary regarding requests 1 and 2.

5.    The government has not provided the information requested in request 3 or request 4 of the May 14 letter. As a result, Court intervention remains necessary regarding these requests.

6.    In request 5 of the May 14 letter, the defense requested that the government identify the "several female victims" with respect to Counts 6 through 8.  The government has identified three alleged victims with respect to this request.  In light of the government's caveat that "there may be additional victims referenced in the discovery materials that will be part of our proof at trial," Court intervention remains necessary to order the government to either identify remaining alleged victims or indicate that there are no other alleged victims with respect to Counts 6 through 8.

7.    The government has not provided the information requested in request 6 or request 7 of the May 14 letter. As a result, Court intervention remains necessary regarding these requests.

8.    In request 8 of its May 14 letter, the defense requested certain information regarding Counts 12 through 16 of the Superseding Indictment. With respect to this request, the government has provided the names of two "nominees" and has not indicated that there may be other nominees.  Court intervention

thus remains necessary only regarding the remainder of request 8, that the government identify the bank accounts and deposits.

9.   The government has indicated that it is willing to discuss additional questions and requests for information, but based on conversations, emails, and letters with counsel for the government, it is my understanding that the government does not intend to provide the additional information requested in the May 14 letter.

**WHEREFORE,** it is respectfully requested that this Court order the government to provide the remaining requested information pursuant to Federal Rules of Criminal Procedure Rule 7(f).

Dated:  July 2, 2021

  /s/Peggy Cross-Goldenberg
**Peggy Cross-Goldenberg, ESQ.**
Attorney for Lawrence Ray