

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 18, 2021

**BY ECF**

The Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

> Re:    *United States v. Lawrence Ray*, S1 20 Cr. 110 (LJL)

Dear Judge Liman:

On September 13, 2021, the Court ordered the defendant to provide notice to the Government by November 15, 2021, of an intent to offer expert evidence of a mental condition pursuant to Federal Rule of Criminal Procedure 12.2(b), as well as notice of an intent to rely on the defense of advice of counsel. (Dkt. 211). The Government writes in response to defendant Lawrence Ray's letter filed on November 15, 2021, which provided notice that the defendant intends to introduce "expert testimony relating to mental disease or defect or any other mental condition of Lawrence Ray bearing on the issue of guilt" and intends "to rely on a defense of advice of counsel." (Dkt. 247). This barebones notice is inadequate as to both defenses, and the Government respectfully requests that the Court preclude Ray from raising these defenses absent additional notice, or order Ray to supplement this notice by November 22, 2021, in order to avoid a continuance of the trial.

### 1. Rule 12.2(b) Notice

In response to Ray's notice, the Government sought additional information from the defense about its anticipated Rule 12.2(b) defense, asking for clarification about the alleged mental disease/defect, whether the defense would be relying on an expert opinion or report, and asking the defense to furnish the name of any expert and the nature of his/her opinion. The defense responded that it anticipated disclosing that information on December 6, 2021 (the date otherwise set for the defendant's expert disclosures). It therefore appears that the parties have conflicting understandings of the Court's deadlines, and the Government respectfully submits that additional information is necessary to satisfy Rule 12.2(b), the deadline for which was November 15, 2021.[1]

---

[1] The Government already provided the defense with its expert notice on November 15, 2021. When the Government agreed to an expert notice schedule that provided the defense an additional

By delaying compliance with Rule 12.2's notice requirement, the defense is leaving inadequate time for the Government to prepare a rebuttal expert or for the Court to have the defendant independently examined under procedures ordered by the Court.  *See* Fed. R. Evid. 12.2(c)(1)(B).  At present, based on the information provided by the defense, the Government cannot identify the substance of the anticipated defense, much less identify a rebuttal expert.

The "objective" of Rule 12.2 is "to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony."  Fed. R. Crim. P. 12.2 Advisory Committee Notes.  Sufficient notice is required to allow the Government to investigate the defendant's claim, potentially examine the defendant with its own expert and, if necessary, prepare a rebuttal case.  *See* Fed. R. Crim. P. 12.2(b), Advisory Committee Comments, 1983 Amendments (noting that inadequate notice prejudices the Government because the Government would not be prepared to cross-examine the expert or have "an opportunity to conduct the kind of investigation needed to acquire rebuttal testimony on defendant's claim").  Courts have accordingly held that notice under Rule 12.2(b) must be "meaningful."[2]  The one-line notice plainly falls short of being "meaningful," and the Government therefore respectfully requests that the defense be ordered to cure its defective notice, separate and apart from the deadline otherwise set for the defendant's expert disclosures.

In addition, the Government reiterates its demand that the defendant satisfy its reciprocal discovery obligations under Rule 16(b)(1)(A).  Reciprocal discovery is particularly appropriate, in a case such as this one, where the defendant asserts an affirmative defense pertaining to mental disease or defect.  Regardless of when introduced at trial, evidence related to the defendant's claims of disease or defect relevant to *mens rea* is properly considered part of the defendant's case in chief.  Those are issues as to which the defendant has the burden—of proof at trial and admissibility before trial—and the Government should be allowed to review the evidence he intends to introduce and be afforded an opportunity to contest either its validity or its admissibility.  Accordingly, pursuant to Rule 16(b) the Court should order the defendant to produce any such materials on which he intends to rely, and should preclude introduction of such material if the defendant does not comply with his discovery obligations.

---

three weeks to make its disclosures, it was under the impression that those weeks would enable the defense to prepare rebuttal witnesses, not to delay its Rule 12.2 notice obligations, which were already due on the same date as the Government's expert notice, and which could be prepared independent of any information about the Government's proposed experts.  The Government did not anticipate that it was being afforded only two weeks to assess the defendant's proposed Rule 12.2(b) expert and prepare any rebuttal or opposition motions.

[2] *See, e.g.*, *United States v. Lujan*, 530 F. Supp. 2d 1224, 1238 (D.N.M. 2008) ("Rule 12 .2(b) requires 'meaningful notice.'"); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1079 (N.D. Iowa 2005) ("[T]he notice must provide 'meaningful notice.'"); *United States v. Sampson*, 335 F. Supp. 2d 166, 242-43 (D. Mass. 2004) ("'[N]otice' in Rule 12.2 must be read, as it was before the 2002 revision, to require meaningful notice, serving the overall purpose of the Rule.").

### 2. Advice of Counsel Notice

In response to Ray's notice, the Government also sought additional information about his asserted advice-of-counsel defense. The Government asked the defense to answer: (1) which counsel's advice did Ray rely on; (2) what was the timing; (3) what was the scope and nature of the advice; and (4) with respect to which charges was Ray raising this defense. The Government also requested any documents in the defense's possession that the defense believed supported or undermined the defense. The defense indicated that they did "not currently have further information to provide," and asked the Government to identify authority requiring the defense to provide additional information now. The Government indicated that it would likely seek relief from the Court.

### A. Applicable Law

### 1. Advice of Counsel Generally

The advice-of-counsel (or reliance-on-counsel) defense is a more specific form of the defense of good faith, available in limited circumstances in which a good faith instruction may otherwise be applicable. *See, e.g.*, *United States v. Greenspan*, 923 F.3d 138, 146 (3d Cir. 2019); *see also* Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 8-04. Advice-of-counsel "is not a free-standing defense." *United States v. Van Allen*, 524 F.3d 814, 823 (7th Cir. 2008) (internal quotation marks omitted).

To establish a colorable advice-of-counsel defense, and thus be entitled to a jury instruction with respect to those offenses to which it may apply, the defendant must be able to identify admissible evidence that:

> 1. Before taking action, he in good faith sought the advice of an attorney whom he considered competent to advise him on the matter; and
>
> 2. He consulted this attorney for the purpose of securing advice on the lawfulness of his possible future conduct; and
>
> 3. He made a full and accurate report to his attorney of all material facts that he knew; and
>
> 4. He then acted strictly in accordance with the advice of this attorney.

*United States v. Scully*, 877 F.3d 464, 478 (2d Cir. 2017) (In addition to the model instruction in Sand *et al.*, *Modern Federal Jury Instructions*, "[w]e also refer district courts to the model instructions drafted by our sister circuits, particularly the Seventh Circuit's model, which reads [as set forth above]."); *see also Williamson v. United States*, 207 U.S. 425, 453 (1908); *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012); *United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (2d Cir. 1989).

"Each requirement must be satisfied." *Colasuonno*, 697 F.3d at 181. Where the defendant fails to meet one or more requirement, he is not entitled to a jury instruction. *Id.*; *see also, e.g.*, *Greenspan*, 923 F.3d at 146-47; *Scully*, 877 F.3d at 476; *Evangelista*, 122 F.3d at 117. Nor is he entitled to argue, directly or indirectly, that she has such a defense. *See, e.g.*, *United States v. Quinones*, 417 F. App'x 65, 67 (2d Cir. 2011) (affirming denial of instruction and order precluding defense from arguing advice of counsel; "defendants are not entitled to such an instruction unless there are sufficient facts in the record to support the defense," and "the defendants [in this case] have not shown the required factual predicate for an advice-of-counsel defense"); *United States v. Atias*, No. 14 Cr. 403 (DRH), 2017 WL 563978, at *3 (E.D.N.Y. Feb. 10, 2017) ("All available information indicates that the [pertinent] attorney represented [another], not defendants. Accordingly, the term 'advice of counsel' should not be employed in referring to [the attorney]. Doing so would be legally inappropriate and likely to mislead the jury.").

In short, the "situations in which the advice-of-counsel defense may be employed are severely limited." *Lurie v. Wittner*, 228 F.3d 113, 134 (2d Cir. 2000).

## 2. Notice of and Discovery Concerning an Advice-of-Counsel Defense

Given the complexity and potential issues concerning an advice-of-counsel defense, courts routinely order defendants to provide notice of whether they intend to advance such a defense in advance of trial, and, if so, to provide discovery concerning the defense. *See, e.g.*, *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018). That "disclosure should include not only those documents which support [the] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense." *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010).

When a defendant asserts a defense based on his reliance on the advice of counsel, he waives any attorney-client privilege over her communications with the counsel. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes"). As a result, defendants asserting such a defense must disclose to the government "any communications or evidence defendants intend to use to establish the defense" and "even otherwise-privileged communications that defendants do *not* intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense, are subject to disclosure in their entirety." *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (internal quotation marks omitted; emphasis in original) (collecting cases). Failure to make such a disclosure results in forfeiture of the defense. *See Bilzerian*, 926 F.2d at 1291 (affirming refusal to let the defendant testify about his "good faith regarding the legality" of the charged conduct unless he was also subject to cross-examination regarding communications with his attorney); *see also United States v. Wells Fargo Bank N.A.*, No. 12 Civ. 7527 (JMF), 2015 WL 3999074, at *1 (S.D.N.Y. June 20, 2015) (civil defendant asserting advice-of-counsel must "make a full disclosure during discovery and the failure to do so constitutes a waiver of that defense" (internal quotation marks omitted)).

### B.  Discussion

The defendant's "notice" of an advice-of-counsel defense is facially deficient.  It similarly falls far short of what is required to raise such a defense at trial and leaves the Government ignorant of the basic facts that would enable the Government to identify—much less review—implicated privileged materials or to move to preclude such a defense in advance of trial.  Absent timely and proper notice of any alleged advice-of-counsel defense, the defendant should be precluded from offering any argument concerning an alleged advice-of-counsel defense, unless and until he establishes an admissible factual basis for the elements of the defense.

To the extent the defendant intends to pursue this defense, the defendant should be ordered to provide: (i) written notice of any alleged advice-of-counsel defense, including its bases, scope, and to which specific counts he believes it applies, and (ii) any discovery materials in support of this defense, to the extent not already in the Government's possession.  *See Scali*, 2018 WL 461441, at *8; *Hatfield*, 2010 WL 183522, at *13.  The Government respectfully requests that any grace period to cure the defective notice be brief—the Government consented to the parties' proposed pretrial deadlines on the mistaken understanding that the defendant would provide proper notice on November 15, 2021, pursuant to the Court's September 13, 2021 order.  If the defendant provides additional notice, including the names of any attorneys whose advice he supposedly relied on, the Government will need time to subpoena and interview those attorneys, and to review otherwise privileged materials that have been segregated from the Government's discovery. The defense should not be permitted to sandbag the Government with otherwise privileged documents, and details of its purported advice-of-counsel defense, on the eve of trial or in the midst of other important pretrial deadlines.  The November 15, 2021 deadline for notice set by the Court on September 17, 2021 clearly accounted for these time considerations.

That is particularly true here, where it seems unlikely the defendant could establish the predicates of a viable advice-of-counsel defense.  "[T]he thrust of [the advice-of-counsel defense] is that the defendant, on the basis of counsel's advice, believed h[er] conduct to be lawful and thus could not be found to have had unlawful intent."  *Beech-Nut Nutrition Corp.*, 871 F.2d at 1194; *see also Scully*, 877 F.3d at 478 (defense requires that, "[b]efore taking action, he in good faith sought the advice of an attorney").  The Government is unaware of any factual basis to find that, prior to engaging in the charged conduct, the defendant spoke to any attorney for the "purpose of securing advice on the lawfulness of [the defendant's] possible future conduct," *id.*  Nor is there any factual basis of which the Government is aware to find that, before acting, the defendant "made a full and accurate report" to any attorney of all "material facts," *id.*  This is not a case where an advice-of-counsel defense could be raised with a straight face for any purpose other than to confuse or mislead the jury.  No lawyer, acting properly, would advise a client to violently extort or sex traffic his victims in order to seek repayment for supposed wrongdoing.

In short, the defendant cannot come close to establishing a basis in admissible evidence for an advice-of-counsel defense.  Until such time as he does so, any argument in support of such a defense should be precluded.  *See, e.g.*, *Quinones*, 417 F. App'x at 67.  For the same reasons, the defendant should be precluded from offering evidence for the purported purpose of attempting to satisfy any of the requirements of an advice-of-counsel defense, unless he first establishes, either in a preliminary hearing before or during trial, or by relying on evidence otherwise admissible at

trial, that he has sufficient admissible evidence to satisfy all the defense's requirements. *See, e.g.*, *Colasuonno*, 697 F.3d at *4.[3]  The defendant should likewise not be permitted to advance through the back door what would amount to a quasi-advice-of-counsel defense—that is, having failed to meet the requirements for the defense, to argue nonetheless that he should not be found guilty because a lawyer purportedly "approved" of, did not object to, or was involved in some way in the defendant's conduct—when he cannot advance an advice-of-counsel defense.  That is precisely the kind of argument that is "likely to mislead the jury," *Atias*, 2017 WL 563978, at *3, into thinking that the defendant has a defense that the law says, in no uncertain terms, he does not have.

The advice-of-counsel defense is subject to multiple and meaningful restrictions— including that a defendant seek the advice of lawyer acting as his lawyer, communicate all material facts to his lawyer, and strictly follow the advice of his lawyer—because a defense based on alleged legal advice or approval that does not meet these strictures is ripe for abuse.  The defendant should not be permitted to engage in an end-run around the defense's requirements.  *Cf. S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684 (S.D.N.Y. 2013) (The defendant "argues that the presence of lawyers is relevant to the overall context of the transaction, but that is such a fine-grained distinction from a reliance on counsel defense, that it would likely confuse the jury.  A lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly 'blessed' the legality of all aspects of a transaction. . . . This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense."); *see*

---

[3] Preliminary questions concerning the admissibility of evidence, including whether evidence is relevant or a privilege exists, are to be determined by the Court.  Fed. R. Evid. 104(a).  The Court has discretion to order a hearing to assist it in resolving such questions.  Fed. R. Evid. 104(c)(3) (the court "must conduct a[] hearing" when "justice so requires").  One circumstance in which a preliminary hearing may be ordered is to determine the propriety of a proffered defense.  *See, e.g.*, *United States v. Paul*, 110 F.3d 869, 871 (2d Cir. 1997) ("[I]t is appropriate for a court to hold a pretrial evidentiary hearing to determine whether a defense fails as a matter of law.").  This is so for good reason: "no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter."  *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990); *see also* Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").  A preliminary hearing may be ordered to consider a proffered advice-of-counsel defense just as it may be ordered to consider any other defense.  *See also Scali*, 2018 WL 461441, at *8 n.4 ("Guided by efficiency and judicial economy, it behooves the Court to address [advice of counsel] before trial.").

*United States v. Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015) (There is no "advice-of-counsel defense without demonstrating advice of counsel.").

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


by: ____/s/ _Danielle R. Sassoon__
    Mollie Bracewell
    Lindsey Keenan
    Danielle R. Sassoon
    Assistant United States Attorneys
    (212) 637-2218/1565/1115


CC:    defense counsel